November 8, 1979

**79-81  MEMORANDUM OPINION FOR THE ASSISTANT DIRECTOR, DOMESTIC POLICY STAFF**

**President—Consultation—Form—Public Utility Regulatory Policies Act of 1978 (§ 507(a)(1), 43 U.S.C. § 2007(a)(1))**

Title V of the Public Utility Regulatory Policies Act of 1978, 43 U.S.C. §§ 2001-2012, is designed to expedite Federal action on proposed means of transporting oil from the West Coast to other parts of the United States. The Secretary of the Interior, with advice from other Federal agencies, reviews proposals and makes recommendations to the President. *Id.* § 505, 43 U.S.C. § 2005. Then the President, "after consulting with the Secretaries of Energy, the Interior, and Transportation," decides whether to approve a proposal and require expedited treatment. *Id.*, § 507; 43 U.S.C. § 2007. You have asked us for advice about the form of consultation required.

Consultation, of course, is an exchange of views. We believe that the statute permits the President to choose the form of exchanging views that he considers appropriate. Nothing in the words or the structure of the statute suggests that Congress intended to require a particular form of consultation. Nor does the legislative history; neither the conference committee, which added § 507, nor the Senate, which added most of what became Title V as a floor amendment, *see* 123 CONGRESSIONAL RECORD S. 16491-96, S. 16498-502 (daily ed., Oct. 6, 1977), mentioned the President's duty to consult.[1] Several other statutes require the President to consult with the executive branch officials before making a decision. *See, e.g.,*

---

[1] Under the amendment added on the Senate floor, the Secretary of the Interior was to make the final decision. The conference committee did not say why it assigned that function to the President, but it did emphasize that the President should take certain environmental factors into account. S. Rept. 1292, 95th Cong., 2d sess. 108 (1978). One might infer that Congress wanted the President to decide so that a wider range of policies could be considered.

12 U.S.C. § 36 note; 42 U.S.C. §§ 6272(c)(1)(A)(iii), 6272(e); 49 U.S.C. § 1531 note; 42 U.S.C. § 5155(a); *see also* 50 U.S.C. App. § 468(a) (eliminated by Reorganization Plan No. 3 of 1953, § 5(a)). None of these prescribes a form of consultation in either its text or its legislative history. *See, e.g.,* S. Rept. 1073, 95th Cong., 2d sess. 19 (1978).[2] If some habitual form of consultation had developed under these other provisions, and Congress, in enacting § 507, mandated that form, there would be less flexibility than we believe inheres in § 507.

Indeed, certain features of § 507 affirmatively suggest that Congress intended not to prescribe any particular form of consultation. For example, when read in conjunction with the Administrative Procedures Act, § 507 plainly permits either an oral or a written exchange of views. *Compare* § 507(a)(1), 43 U.S.C. § 2007(a)(1), *with* 5 U.S.C. § 554(a). Similarly, by requiring the President to make certain findings and explanations, *see* § 507(c), 43 U.S.C. § 2007(c), Title V suggests that no other formalities—such as a written record of the consultation—are necessary. *See, Camp* v. *Pitts,* 411 U.S. 138, 143 (1973); *see also, United States* v. *Nixon,* 418 U.S. 683, 705-13 (1974). And the Supreme Court has recently emphasized that agencies have considerable discretion to decide which procedures to follow in making the decisions with which they are charged. *See, Vermont Yankee Nuclear Power Corp.* v. *Natural Resources Defense Council, Inc.,* 435 U.S. 519, 524-25 (1978). For these reasons, we believe that Title V permits the President to choose whatever form of consultation he considers appropriate.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[2] Other statutes require the President to consult with Congress or with Members of Congress before making certain decisions. *See, e.g.,* 50 U.S.C. § 1542 (War Powers Resolution). But since the President's relationship to executive branch officials differs from his relationship to Congress, any established practices under these statutes do not control the interpretation of provisions like § 507.